**FILED**

Apr 30 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ jenniferm    DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO

CIVIL CASE FILE NUMBER: **'18CV0831 LAB KSC**

**JOE DEAN CRAWFORD**
/PLAINTIFF.
v.
**SAN DIEGO CITY COMMUNITY COLLEGE,**
**SAN DIEGO CITY COMMUNITY COLLEGE DISTRICT,** and the
**BOARD OF TRUSTEES (Maria Nieto Senour, Bernie Rhinerson, Mary Graham, Rich Grosch, Peter Zschiesche, Constance M. Carroll)**, individually, privately, and severally in their official capacities as
*DEFENDANTS.*

Service on Respondent San Diego City College, et al is required by California Rule 8.29 (c).

## COMPLAINT

**PARTIES:**

Defendants City College, Miramar College, and Mesa College are all part of respondents' district colleges managed and directed by the Board of Trustees as a non-profit public college directed by the United States Department of Education to issue loan funds to students holding its promissory note.

Complainant is a currently enrolled first-time student approved for a direct student loan to be able to attend and maintain studies this spring at City College as the disbursing entity named on the face of the note.

**JURISDICTION**

Jurisdiction to hear and decide this federal question exists by reason of the Federal Judiciary Act, the due process clause of the Fourteenth Amendment to the Constitution as well as Title 42 United States Code, § 1983.

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO
CIVIL CASE FILE NUMBER: _____.

**JOE DEAN CRAWFORD**
  /PLAINTIFF.
v.
**SAN DIEGO CITY COMMUNITY COLLEGE,**
**SAN DIEGO CITY COMMUNITY COLLEGE DISTRICT,** and the
**BOARD OF TRUSTEES (Maria Nieto Senour, Bernie Rhinerson, Mary Graham, Rich Grosch, Peter Zschiesche, Constance M. Carroll)**, individually, privately, and severally in their official capacities as
  *DEFENDANTS.*

Service on Respondent San Diego City College, et al is required by California Rule 8.29 (c).

**COMPLAINT**

**PARTIES:**

Defendants City College, Miramar College, and Mesa College are all part of respondents' district colleges managed and directed by the Board of Trustees as a non-profit public college directed by the United States Department of Education to issue loan funds to students holding its promissory note.

Complainant is a currently enrolled first-time student approved for a direct student loan to be able to attend and maintain studies this spring at City College as the disbursing entity named on the face of the note.

**JURISDICTION**

Jurisdiction to hear and decide this federal question exists by reason of the Federal Judiciary Act, the due process clause of the Fourteenth Amendment to the Constitution as well as Title 42 United States Code, § 1983.

32
33                            **INTRODUCTION OF COMPLAINT**
34          Complainant complains and seeks preliminary injunctive relief for he and similarly
35   situated students in financial aid who have been determined eligible for loan disbursement by the
36   Secretary of the Department of Education, and who hold the Secretary's promissory note and
37   would otherwise have prompt loan disbursement except for the policy of the district colleges
38   disqualifying complainant and other similarly situated students because they have earned a
39   baccalaureate or higher degree.  A baccalaureate or higher degree does not cause a student to
40   become disqualified for loan disbursement as a matter of express federal law.  See Title 20
41   United States Code, § 1091 (m).

42          Complainant complains that on March 5, 2018 the Secretary of the Department of
43   Education issued a promissory note promising loan disbursement up to $12,500 with a cap for
44   subsidized loans of $5,500 toward living expenses to attend City College for this current spring
45   semester.  See Exhibit B, page 7.   Spring semester basic subsistence needs go lacking because
46   the school is not disbursing the promised loan funds.  On April 21, 2018 City College
47   disqualified complainant for loan disbursement without giving him notice or opportunity for
48   hearing on claim that he was disqualified because of having earned a baccalaureate or higher
49   degree.

50          Complainant seeks injunctive relief from the practice of automatically disqualifying
51   eligible students without notice, or a financial aid warning, or even an opportunity for a hearing
52   merely because they hold a baccalaureate or higher degree.  A degree is not a legal reason to
53   disqualify.  Complainant seeks preliminary and temporary restraining order from the

54 unconstitutional practice that deprives he and others of due process. Due process concerns have
55 arisen as well as the school's practice that absolutely conflicts with federal law.

56   Complainant believes discovery will better explain an indirect discriminatory practice
57 denying equal protection and due process has a disparate impact as to be discriminatory of age.
58 Age discrimination directed at the older college because students with a baccalaureate degree or
59 higher includes a class whose statistical mean age differs sharply from the majority student body
60 of some 45,000 students. Students in this latter class are not singled out for this type of
61 discrimination, but are afforded due process financial aid warnings before any consideration that
62 their education may end because of financial aid disqualification, Disqualification merely
63 because a person has a baccalaureate degree is unauthorized by federal law and common-sense
64 or intuition would find the practice defeating the mission and aims of a public college.

65   Complainant believes discovery may reveal a discriminatory manner of handling
66 disqualified persons with a baccalaureate degree or higher because the school has determined a
67 plan to entice students disqualified to sign a waiver and submit to a post-deprivation process
68 called an appeal. The appeal proceeds to the so-called official appeal form that makes it clear
69 that no appeal is provided unless and until the student waives all their rights. Once the student
70 waives the rights stated on that form then the school cannot re-instate except on an unreasonable
71 claim. A claim only may be made by the unwary student that the student received their degree as
72 a result of "hardship, illness, or death in the family." See: Title 20 USC Sec.1091 at
73 'Satisfactory Academic Progress." Complainant also complains that injunctive relief ought to
74 issue because a post-deprivation hearing of this sort is inadequate in view of the conflict of the
75 school with express federal law. See: Title 20 United States Code 1091 (m).

76 **RELIEF:**

77 Complainant ask the Court for a liberal construction of his *pro se* Complaint in favor of relief in
78 the form prayed for preliminary injunction.

79 **JURY TRIAL:**

80 Complainant demands a jury trial on all issues of material factual dispute.

81 **JURAT:**

82 I do solemnly declare and affirm under the penalties of perjury that all of the statements in
83 support are true and correct to the best of my personal knowledge.

84 AFFIRMED before _Alina Shevchenko_ a notary public in and for the
85 County of San Diego, State of California this __30__ day of April, 2018.

86 _[signature]_

87 Joe Dean Crawford
88 Post Office Box 2903
89 La Jolla, CA 92037
90                                        My Commission Expires __02/10/2022__

[Notary seal: ALINA SHEVCHENKO, COMM. #2230842, NOTARY PUBLIC - CALIFORNIA, SAN DIEGO COUNTY, My Commission Expires 02/10/2022]