UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOE DEAN CRAWFORD,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO CITY COMMUNITY COLLEGE, et al.,<br><br>Defendants. | CASE NO. 18cv0831<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, SCREENING AND DISMISSING COMPLAINT, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
|---|---|

Plaintiff Joe Dean Crawford, proceeding *pro se*, filed his complaint along with a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) and a motion for appointment of counsel.

**IFP Motion**

Plaintiffs must ordinarily pay a filing fee of $400 when filing a civil suit in district court; a suit may proceed without payment if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court has reviewed Crawford's IFP application, finds that he lacks the means to pay the filing fee for this action, and **GRANTS** his application to proceed IFP.

- 1 -

**Legal Standards**

Under 28 U.S.C. § 1915(e)(2), the Court must screen the complaint of any plaintiff proceeding IFP, and dismiss it to the extent it fails to state a claim. *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). Because Crawford is proceeding *pro se*, the Court construes the complaint liberally. *See Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). The Court will not, however, supply facts he has not pled. *See Ivey v. Board of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

When conducting the mandatory screening under 28 U.S.C. § 1915(e)(2), the Court uses the standard applicable to motions under to Fed. R. Civ. P. 12(b)(6). *Huftile v. Miccio-Fonseca,* 410 F.3d 1136, 1138 (9th Cir. 2005). The Court assumes the truth of all factual allegations and construes them in the light most favorable to the plaintiff, drawing all reasonable inferences from the allegations in his favor. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). But the Court does not accept unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations. *Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981)). Vague and conclusory allegations are insufficient to withstand scrutiny under this standard. *Ivey,* 673 F.2d at 268.

The Court may consider certain materials at the pleading stage, including documents attached to the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). And the Court need not accept as true allegations that contradict these materials. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**Discussion**

**Who the Defendants Are**

The Complaint's caption names as Defendants San Diego City Community College ("City College"); the San Diego City Community College District; the District's Board of Trustees, and the Board members, both in their individual and official capacities. The body of the Complaint also names Miramar College and Mesa College.

The Complaint's factual allegations only point to things City College did; it alleges that on April 21, 2018, City College refused to disburse proceeds of his federal student loan without giving him advance notice or an opportunity for a hearing. And it alleges the reason for this was that he had already earned a bachelor's degree – a reason he says is illegitimate under federal law.

Claims against Defendants other than City College are inadequately supported by factual allegations, and are therefore subject to dismissal. Crawford only has standing to assert his own claims; to the extent he is asking the Court to enjoin a District-wide policy as applied to other students, he lacks standing. *See Warth v. Seldin*, 422 U.S. 490, 498–99 (1975). Furthermore, because he is proceeding *pro se*, he has no authority to represent the legal interest of a class. *See Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987);

**Claims Against San Diego City College**

Crawford previously received a bachelor's degree from the University of North Carolina at Asheville in 2015. (*See* Compl. Ex. G.) He alleges that San Diego City Community College refused to disburse his federal financial aid "on a claim that he was disqualified because of having [previously] earned a baccalaureate or higher degree."

But exhibits Crawford cites as documenting this, which he has attached to the Complaint, show that was not the reason. Exhibit D to the Complaint is an email to Crawford, showing that the reason given for refusal to disburse loan proceeds was that Crawford had attempted more than 90 units of credit. The email says he attempted 108 units.[1] It gave him the option, if he believed there were extenuating circumstances, to appeal and submit an educational plan. The email also includes a link to the required appeal form.

---

[1] Exhibits to the Complaint, read together, appear to show that Crawford either transferred or attempted to transfer unused credits from the University of North Carolina at Asheville, the University of North Carolina at Chapel Hill, and two other colleges, towards his degree at City College. (*See* Compl., Ex. C.) The credits City College accepted appear to be unused credits that were not previously credited towards Crawford's bachelor's degree. (*See* Compl., Ex. G (University of North Carolina at Asheville undergraduate transcript).)

1  Colleges that participate in federal student loan programs are required to maintain
2  policies for satisfactory academic progress, and to confirm that students who are otherwise
3  eligible for student aid under the Higher Education Act are making satisfactory academic
4  progress under those policies. *See* 34 C.F.R. §§ 668.16(e), 668.32(f), and 668.34. As
5  required under these regulations, City College maintains a policy which outlines the school's
6  standards for maintaining satisfactory academic progress and provides reasons which may
7  result in a student's disqualification from financial aid, and Crawford has attached this policy
8  to as Exhibit H to the Complaint. Under the policy, having attempted more than 90 academic
9  credits renders a student ineligible for financial aid. This policy is based on federal
10 regulations that set a maximum time frame for obtaining a degree. (*See* Compl., Ex. H.)
11 Because City College offers only associates' degrees requiring 60 hours, students who have
12 attempted more than 150% of that amount (*i.e.*, 90 hours) are ineligible. *See* 34 C.F.R.
13 § 34(b) ("Maximum timeframe").

14  Although the email offered Crawford an opportunity to appeal the decision, he alleges
15 that the appeal form "makes it clear that no appeal is provided unless and until the student
16 waives all their rights." (Compl. at 4.) Because this allegation relies on and incorporates the
17 appeal form, the Court may consider it even though Crawford did not attach it to the
18 Complaint. *Ritchie*, 342 F.3d at 908.

19  The email includes a link to the appeal form.[2] Although the form requires
20 acknowledgement that a student understands and is willing to comply with certain
21 requirements, it does not include a waiver of rights. In other words, contrary to his
22 allegations, Crawford had an avenue of appeal open to him, even if he did not use it.

23  Even though Crawford's having earned a bachelor's degree was not the reason for
24 City College's refusal to disburse loan proceeds, various documents do establish that
25 students at City College who already have bachelors' degrees are normally not eligible for

---

[2] <http://www.sdcity.edu/CollegeServices/StudentSupportResources/FinancialAid/FormsDocuments>.

financial aid. But both the policy document the appeal form explains this is because the District's community colleges offer two-year degrees, and the District asks students who already have bachelor's degrees (or higher) to explain their reasons for pursuing a two-year degree.

Crawford cites 20 U.S.C. § 1091(m) as requiring that he be eligible. That subsection provides that "[a] student shall not be ineligible for assistance . . . because such student has previously received a baccalaureate or professional degree." But this subsection does not guarantee that a student who has received a baccalaureate or higher degree will be eligible; rather, it provides that having a bachelor's or higher degree does not render a student ineligible. Other requirements must be met as well, including the requirement that the student be making satisfactory progress. § 1091(a)(2) and (c).

Crawford claims his Fourteenth Amendment due process rights were violated. Such a claim arises when a person is deprived of a protected interest without due process of law. *Fla. Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 643 (1999). Crawford has not shown that his expectation of entitlement to the benefit of federal student loans to enable him to attend City College is reasonable, so as to create a protected interest in it. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *Waugh v. Conn. Student Loan Foundation*, 966 F. Supp. 141, 143–44 (D. Conn 1997). Furthermore, he had an opportunity to appeal, and has not pled facts to show he was deprived of this benefit without due process. *See Fla. Prepaid*, 527 U.S. at 642–43 (holding that deprivation of a protected interest is not unconstitutional, as long as due process of law is provided).

Although Crawford did not attempt to bring his claim directly under the Higher Education Act of 1965, that statue does not create a private right of action. *Waugh*, 966 F. Supp. at 143.

Having screened the Complaint, the Court finds it does not state a claim.

/ / /

/ / /

**Motion to Appoint Counsel**

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). However, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This discretion should only be exercised in "exceptional circumstances." *Aygeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Crawford has not shown a strong likelihood of success on the merits of the case. And although he has not yet done so, it appears he has the ability to articulate his claim. No is it appropriate to appoint counsel merely so that Crawford can bring his claims as a class action. The Court finds no no exceptional circumstances exist in this case to warrant appointment of counsel, and the motion to appoint counsel is **DENIED**.

**Conclusion and Order**

For the reasons set forth above, the IFP motion is GRANTED. The Complaint does not state a claim, and is **DISMISSED** as required by 28 U.S.C. § 1915(e)(2). The claims he is attempting to raise on behalf of other students, or against schools he is not attending are **DISMISSED WITHOUT LEAVE TO AMEND**, for lack of standing. The remaining claims are **DIMISSED WITHOUT PREJUDICE**.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

If Crawford believes he can successfully amend his complaint to cure the defects identified in this order, he may do so by filing an amended complaint no later than **August 17, 2018**. If he fails to do so within the time permitted, or if his amended complaint does not state a claim, this action may be dismissed without further notice to him.

**IT IS SO ORDERED**.

Dated: July 30, 2018

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
United States District Judge